UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCIS V. McGOWAN,<br><br>            Plaintiff,<br><br>        v.<br><br>WASHINGTON STATE DEPARTMENT OF LABOR AND INDUSTRIES; WASHINGTON STATE BOARD OF INDUSTRIAL INSURANCE APPEALS; AND WASHINGTON STATE ATTORNEY GENERAL OFFICE,<br><br>            Defendants. | NO. CV-05-5009-EFS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Before the Court, without oral argument, is Defendants' Motion to Dismiss Plaintiff's Complaint, (Ct. Rec. 5), filed March 7, 2005. After reviewing the submitted material and applicable statutory and case law, the Court is fully informed. As explained below, the Court grants Defendants' request to dismiss all claims alleged in Plaintiff's Complaint, (Ct. Rec. 1).

## I. Background

On February 4, 2005, Plaintiff Mr. Francis X. McGowan filed a Complaint, alleging his rights under the Americans with Disabilities Act (ADA) and Rehabilitation Act had been violated by Defendants. *Id.* Plaintiff's allegations arise from the Defendants' denial of worker's

ORDER * 1

compensation benefits to Plaintiff following an alleged workplace injury. *Id.* at 1-3.

In his Complaint, Plaintiff alleges the following facts, which are undisputed by Defendants for the purpose of this motion. Plaintiff reports he is a disabled individual who suffers "significant physical dysfunction," including impaired walking, working, lifting, sitting, and concentrating abilities. *Id.* at 1-2. Despite Plaintiff's physical impairments, he was able to maintain employment with McGowan Construction Services, Inc. *Id.* at 2. On January 24, 2002, while working, Plaintiff allegedly suffered an "industrial injury". *Id.* On February 13, 2002, Plaintiff sought medical treatment for his new injury and initiated a worker's compensation claim with the Washington State Department of Labor and Industries (the "Department"). *Id.* Plaintiff believes he is entitled to benefits because he was injured while working and because his employer had made industrial insurance payments on his behalf with the Department. *Id.* at 3.

On March 4, 2002, the Department denied Plaintiff's claim, stating his "condition was not the result of the injury alleged". *Id.* The Department's denial of benefits included a refusal to pay for medical treatment and other benefits relating to Plaintiff's claim. *Id.* Thereafter, Plaintiff filed an appeal with the Board of Industrial Appeals. *Id.* at 6. At that point, the Department reassumed jurisdiction of Plaintiff's claim to reconsider its earlier denial. *Id.* Following its reconsideration, the Department again denied Plaintiff's claim. *Id.* In doing so, the Department stated "there was no proof of specific injury at a definite time and place in the course of employment" and that

ORDER * 2

Plaintiff's "condition [was] no[t] the result of a[n] industrial injury as defined by the Industrial Insurance Law . . . ." *Id.* In June 2004, Plaintiff notified the Washington State Attorney General that, if Defendants did not grant him benefits, he would seek relief in federal court. *Id.* at 9. However, on October 4, 2004, the Department's decision was affirmed. *Id.* at 7-8. The Board of Industrial Insurance Appeals found Plaintiff had failed to establish a prima facie case that he was entitled to workers compensation benefits. *Id.*

Following the State's final denial of worker's compensation benefits, Plaintiff sought relief in federal court with the filing of his February 4, 2005 Complaint, (Ct. Rec. 1). Plaintiff's Complaint alleged violations of the ADA and Rehabilitation Act by Defendants Washington State Department of Labor and Industries, Washington State Board of Industrial Insurance Appeals, and the Washington State Attorney General's Office. *Id.*

## II. Defendants' Motion to Dismiss

In their Motion to Dismiss Plaintiff's Complaint, (Ct. Rec. 5), Defendants ask the Court to dismiss Plaintiff's Complaint in its entirety based on their beliefs (1) the Complaint fails to state a claim upon which relief can be granted and (2) Defendants are immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution, (Ct. Rec. 5). Both legal theories are separately addressed and ruled on below.

**A. Failure to State a Claim Upon Which Relief Can Be Granted**

Under Federal Rule of Civil Procedure 12(b)(6), a cause of action should not be dismissed for failure to state a claim "unless it appears

ORDER * 3

1  beyond doubt that the plaintiff can prove no set of facts in support of
2  his claim which would entitle him to relief." *Cal. Dump Truck Owners*
3  *Assoc. v. Assoc. Gen. Contractors of Am.*, 562 F.2d 607, 614 (9th Cir.
4  1977) (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)); *Robertson v.*
5  *Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  When
6  resolving a Rule 12(b)(6) motion, the court must (1) construe the
7  complaint in the light most favorable to the plaintiff, (2) accept all
8  well-pleaded factual allegations as true, and (3) determine whether
9  plaintiffs could prove any set of facts to support a claim that would
10 merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th
11 Cir. 1996); *Integrated Res. Equity Corp. v. Founders Bank of Ariz.*, 74
12 F.3d 1246 (9th Cir. 1996).  A claim should be dismissed where there is
13 a "lack of cognizable legal theory" or "absence of sufficient facts
14 alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*
15 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16      Defendants seek a Rule 12(b)(6) dismissal of Plaintiff's ADA and
17 Rehabilitation Act claims based on a theory that the facts pled in
18 Plaintiff's Complaint "fail to establish that he is entitled to any
19 relief under the ADA or Rehabilitation Act[,]" (Ct. Rec. 6 at 4).
20 Defendants assert Plaintiff "is aggrieved because the State is not
21 providing worker's compensation benefits for an injury that pre-dates his
22 coverage by industrial insurance." *Id.* at 6.  Accordingly, Defendants
23 argue that Plaintiff's Complaint is insufficient to maintain a lawsuit
24 under the ADA or Rehabilitation Act because the statutes are intended to
25 challenge disability-related discriminatory practices, not to challenge
26 the adequacy of coverage provided by state programs. *Id.* at 5.

Defendants correctly point out that the ADA and Rehabilitation Act were intended to eliminate discrimination on the basis of disability and that they do not provide a cause of action to challenge the adequacy of state programs. *See Doe v. Pfrommer*, 148 F.3d 73 (2nd Cir. 1998). For this reason, the Court agrees with Defendants that Plaintiff's ADA and Rehabilitation claims must be dismissed. Plaintiff is merely challenging the "adequacy of the programs/services being offered," which clearly is not a "cognizable legal theory." Thus, Plaintiff has set forth insufficient grounds to maintain claims under the ADA and Rehabilitation Act, and those claims must be dismissed. In other words, Plaintiff may not recover damages under the ADA or Rehabilitation Act from the Department because it determined the injuries Plaintiff claims to suffer from were not the result of a workplace accident, but rather the consequence of a pre-existing disability.

**B. Eleventh Amendment Immunity**

The Eleven Amendment to the United States Constitution bars citizens from bringing suit against their States in federal Court. *Welch v. Tex. Dep't of Highways and Pub. Trans.*, 483 U.S. 468, 472 (1987). Only two exceptions to Eleventh Amendment immunity are recognized. *Id.* at 473-74. First, a State may independently waive immunity and allow its citizens to file suit against it in federal court. However, Courts recognize State waivers "only where stated 'by the most express language or by such overwhelming implications form the text as [will] leave no room for any other reasonable construction.'" *Id.* at 472 (quoting *Edelman v. Jordan*, 415 U.S. 651 (1974). Alternatively, Eleventh Amendment immunity may be abrogated by Congress when it acts pursuant to its power "'to enforce,

ORDER * 5

by appropriate legislation' the substantive provisions of the Fourteenth Amendment." *Id.* at 474 (quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976)). When it does abrogate the Eleventh Amendment, Congress must make its intention to do so in "unmistakable language in the statute itself." *Id.* (quoting *Atascadero State Hosp. v. Scalon*, 473 U.S. 234, 243 (1985)).

Defendants invoke the Eleventh Amendment in hope of having all claims asserted in Plaintiff's Complaint, aside from those brought under the ADA and Rehabilitation Act, dismissed. Although Plaintiff only expressly asserts claims under the ADA and Rehabilitation Act, Defendants point out that additional factual allegations are scattered throughout Plaintiff's Complaint for which no corresponding causes of action are listed. Defendant asks the Court to dismiss any and all other causes of action that may be tied to those claims, because Washington State has not consented to these actions and they have not been expressly authorized by Congress.

In his opposition, although not indicating he was alleging any claims other than those under the ADA and Rehabilitation Act, Plaintiff argues that Defendants are not immune under the Eleven Amendment because he is seeking injunctive and declaratory relief, (Ct. Rec. 10 at 9). According to Plaintiff, under the Doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), Eleventh Amendment immunity does not extend to federal suits against state officials when only injunctive and declaratory relief is sought. The Court need not address Plaintiff's argument however. This is because, contrary to Plaintiff's assertion, he is not seeking injunctive and declaratory relief. Plaintiff's Complaint clearly shows

ORDER * 6

he is only seeking monetary damages, (Ct. Rec. 1 at 11-12). Plaintiff asks the Court to order Defendants to pay "out of pocket" expenses, legal fees and costs, medical expenses, "loss of income," "damage to property rights," and various other monetary damages. For this reason, Plaintiff's *Ex Parte Young* argument is moot and need not be considered any further.

Accordingly, because Plaintiff has not stated he is suing pursuant to any statutes other than the ADA or Rehabilitation Act and no support has been presented to warrant a finding that any claims, other than the ADA and Rehabilitation Act claims, survive Defendants' Eleventh Amendment immunity, the Court dismisses all other claims that may have been alleged in Plaintiff's complaint without prejudice.

For the reasons given above, **IT IS HEREBY ORDERED**: Defendants' Motion to Dismiss Plaintiff's Complaint, (Ct. Rec. 5), is **GRANTED. All claims are dismissed without prejudice**.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A) Enter this Order,

(B) Provide a copy to all counsel,

(C) Enter judgment according to this order, and

(D) **CLOSE THIS FILE.**

**DATED** this ___16th___ day of June, 2005.

                          S/ Edward F. Shea
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2005\05cv5009efs.dismiss.wpd

ORDER * 7